UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| **SEAN P. GARCIA, on behalf of** ) | |
| **himself and all others similarly situated,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil No.** |
| ) | |
| ) | |
| **NCB MANAGEMENT SERVICES,** ) | |
| **INCORPORATED,** ) | |
| **Defendant** ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01.

In this action, plaintiff seeks statutory damages and injunctive relief on behalf of himself and a class of Massachusetts consumers similarly situated to redress unlawful conduct of defendant in attempting to collect an alleged consumer debt.

## Parties

1.  Plaintiff Sean P. Garcia is an individual who at all relevant times has resided in Springfield, Hampden County, Massachusetts.

2.  Defendant NCB Management Services Incorporated is, on information and belief,  a corporation duly organized and existing under the laws of the    .

3.  Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.01.

4.  At all relevant times defendant has been engaged in trade or commerce in the Commonwealth of Massachusetts as defined by G.L. c. 93A, section 1.

## Jurisdiction and Venue

5.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

7.  Defendant sent plaintiff a letter dated December 4, 2007 in connection with a consumer debt allegedly owed to the Navy Federal Credit Union, a true copy of which is appended hereto as Exhibit A.  Said letter sets forth an offer to settle the alleged debt for

70% of the alleged balance, and states: "You must call my office within 14 days of the date of this letter to take advantage of this offer."

8.  The above-described ultimatum giving plaintiff only 14 days to resolve the debt for a reduced amount was false, as shown by the fact that defendant sent plaintiff a second letter dated January 3, 2008, setting forth the same offer.  A true copy of this second letter is attached hereto as Exhibit B.

## COUNT I

9.  The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

10.  Defendant's letter dated December 4, 2007 (exhibit A) was false, misleading, and or deceptive in violation of 15 U.S.C. 1692e.

## Class Allegations

11.  Plaintiff brings this action on behalf of himself and a class of persons similarly situated.  Class members are all Massachusetts residents who: (i) were sent by defendant, within one year of the filing of this action, a letter concerning an alleged consumer debt which set forth a time-limited settlement offer, which letter was not returned to sender, and (ii) were sent a subsequent letter by defendant renewing the same offer or presenting a better offer.   Excluded from each class are current and former officers, directors, employees, and agents of defendant.  On information and belief, the class is sufficiently numerous such that joinder is impracticable.

12.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendant is a debt collector under the FDCPA and whether the letter violates the FDCPA as alleged.

13.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

14.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

15.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)      certify plaintiff's claim pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    award plaintiff and class members statutory damages against defendant;

(iv)    award plaintiff and class members costs and attorney's fees against defendant;

(v)     award such further relief as shall be just and proper.

## COUNT II

16.  The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

17. Defendant's letter dated December 4, 2007 (exhibit A) was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

18.  Defendant's misrepresentation caused injury to plaintiff within the scope of G.L. c.

93A, section 9, by conveying false information regarding his options and opportunities

for resolving the alleged debt, which information had the capacity to mislead and deceive

plaintiff and did mislead and deceive plaintiff.

19.  On May 27, 2008, plaintiff – through counsel – sent defendant a written demand for

relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unfair

and/or deceptive acts complained of and injuries suffered.

20.  Defendant received plaintiff's demand on May 29, 2008.

21.  Defendant failed to make a reasonable written tender of settlement within 30 days of

receipt of plaintiff's demand.  Said failure was in bad faith with knowledge or reason to

know that defendant's conduct violated G.L. c. 93A, section 2.

### Class Allegations

22.  Plaintiff brings this count on behalf of himself and a class of persons similarly

situated.  Class members are all Massachusetts residents who: (i) were sent by defendant,

within four years of the filing of this action, a letter concerning an alleged consumer debt

which set forth a time-limited settlement offer, which letter was not returned to sender;

and (ii) were sent a subsequent letter by defendant renewing the same offer or presenting

a better offer.   Excluded from each class are current and former officers, directors,

employees, and agents of defendant law firm.  On information and belief, the class is

sufficiently numerous such that joinder is impracticable.

23.  Plaintiff is similarly situated to class members due to the existence of a number of

common issues of law and fact.  Common questions include whether defendant is

engaged in trade or commerce in Massachusetts and whether the subject

misrepresentation violates G.L. c. 93A as alleged.

24. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the

claims of class members.  Plaintiff and class members seek, and are entitled to, similar

relief.

25. Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff

is committed to a thorough and vigorous prosecution of this action, and has selected

counsel with substantial experience in consumer class action litigation.  Neither plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of

this case.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)      certify plaintiff's claim pursuant to G.L. c. 93A, section 9(2);

(ii)     appoint plaintiff as class representative and the undersigned as class

counsel;

(iii)    enjoin defendant from continuing to employ the unfair and/or deceptive

practice complained of in communications to Massachusetts consumer

debtors;

(iv)    award plaintiff and class members statutory damages against defendant;

(v)     award plaintiff and class members costs and attorney's fees against

defendant;

(vi)    award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

SEAN P. GARCIA
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848